```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

JAMES M. CRAMER,

             Petitioner,

vs.                                    Case No.  2:08-cv-271-FtM-29DNF

WALTER MCNEIL and FLORIDA ATTORNEY GENERAL,

             Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner James M. Cramer ("Petitioner" or "Cramer"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on March 24, 2008.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #14), Respondent filed a response to the Petition seeking dismissal of

---

[1] The Petition was filed in this Court on March 31, 2008, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

the Petition as time-barred pursuant to 28 U.S.C. § 2244(d).[2]  See Respondent's Response to Petition for Writ of Habeas Corpus (Doc. #23, Response) at 7.  Respondent submitted exhibits in support of

---

[2] On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

the Response. See List of Exhibit (Exhs. 1-44) (Doc. #27-1). After obtaining leave of Court, Petitioner filed an Amended Petition (Doc. #46) on February 26, 2009, which, in addition to re-alleging the grounds set forth in his Petition, included "Petitioner's actual innocence claim; and factual predicate to demonstrate [Petitioner's] due diligence in discovering newly discovered evidence that should have tolled the AEDPA limitation for timely filing a Federal petition." Amended Petition at 1. Respondent filed a Response to the Amended Petition (Doc. #55), and Petitioner filed a Reply to the Response to Amended Petition (Doc. #61, Reply). This matter is ripe for review.

**Federal One Year Limitations Period**

Petitioner challenges his conviction, after a jury trial, for two counts of capital sexual battery on a child under twelve years of age,[3] for which he was sentenced to two consecutive life terms by the Twentieth Circuit Court, Charlotte County, Florida (case number 99-282-CF), on March 20, 2000. Petitioner filed a direct appeal. Exh. 2. On May 10, 2002, the appellate court *per curiam* affirmed Petitioner's conviction and sentence. Cramer v. State,

---

[3]The victim, C.M., is Petitioner's biological daughter. Exh. 1 at 1. According to the affidavit submitted in support of the warrant for Cramer's arrest, the sexual abuse of C.M. occurred when C.M. was ten (10) years old and went to live with her biological father who was divorced from C.M.'s biological mother. Id. at 2. C.M.'s mother did not learn about the sexual abuse until C.M. was fifteen (15) years old and went to a psychiatrist after attempting suicide. Id. at 2, 5.

825 So. 2d 378 (Fla. 2d DCA 2002); Exh. 4. Rehearing was denied on June 25, 2002. Exh. 6.

Petitioner's state conviction became final on **Monday, September 23, 2002,** ninety-days after rehearing was denied on direct appeal. See 28 U.S.C. § 2244(d)(1)(A) and Rule 13.3 of the United States Supreme Court.[4] See also Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)(explaining the one-year statute of limitations for a Florida petitioner runs when the time for filing petition for certiorari from State high court's denial of discretionary review has expired). Because this date is after April 24, 1996, the effective date of the AEDPA, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **September 23, 2003.**[5] Consequently, the Amended Petition, deemed filed in this Court on March 24, 2008, applying the relation back doctrine,[6] would be untimely unless

---

[4] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[5] Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

[6] Mayle v. Felix, 545 U.S. 644, 664 (2005)(noting that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). Respondent argues that grounds 1 and 2 of the Amended Petition relate back, but contend that ground 3 contains a
(continued...)

Petitioner availed himself of one of the statutory provisions which extends or tolls the federal time period. Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, on **July 12, 2002**, prior to Petitioner's conviction becoming final, Cramer filed his first state post-conviction motion - - a *pro se* petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. Exh. 8. The petition remained pending until it was denied, without opinion, on **January 31, 2003**. Cramer v. State, 838 So. 2d 1155 (Fla. 2d DCA 2003); Exh. 12.

**On June 16, 2003,** Cramer mailed a *pro se* motion pursuant to Florida Rule of Criminal Procedure Rule 3.850, permitting **135** days of untolled time to elapse. Exh. 14. The postconviction trial court entered a final order summarily denying the Rule 3.850 motion on August 27, 2004. Exh. 14, Vol. X at 1938 through Vol. XI at 2032-2208. On April 6, 2005, the State appellate court affirmed the summary denial order without written opinion. Exh. 19, Cramer v. State, 902 So. 2d 800 (Fla. 2d DCA 2005); Mandate issued on **May 7, 2005**. Exh. 23. Consequently, the federal limitations commenced

---

[6](...continued)
substantive change from the third ground initially raised in the original Petition. Response to Amended Petition at 9.

on May 8, 2005, and would have expired on Tuesday, **December 27, 2005,**[7] unless Cramer had another "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment . . . pending." 28 U.S.C. § 2244(d)(2).

On July 19, 2005, Cramer filed a second Rule 3.850 motion claiming newly discovered evidence. Exh. 25. On January 3, 2006, the postconviction court denied the second Rule 3.850 motion as "untimely." Exh. 27 at 1. The court recognized that Petitioner alleged that his motion is based on newly discovered evidence, but concluded that Petitioner failed "to alleges or demonstrate that the evidence was unknown by the trial court, by him, or by counsel at the time of trial, and that he or counsel could not have discovered the evidence by the use of diligence." Id. at 2 (emphasis in original). Additionally, the postconviction court found the second motion "procedurally barred," as "successive" and as an "abuse of process." Id. at 2. On June 7, 2006, the appellate court *per curiam* affirmed the postconviction court's order. Cramer v. State, 931 So. 2d 910 (Fla. 2d DCA 2006). Exh. 33. Mandate issued on June 28, 2006. Exh. 34.

---

[7]The 230 days remaining on Petitioner's federal limitations period expired on Saturday, December 24, 2005. Consequently, Petitioner had until the next business day to file his Federal petition. 'Christmas Day' was observed as a Federal holiday on Monday, December 26, 2005, affording Petitioner an additional day to file his Federal petition.

Thereafter, Cramer filed a third Rule 3.850 motion dated August 7, 2006. Exh. 36. On November 22, 2006, the postconviction court denied the third Rule 3.850 motion as untimely, finding Cramer did not meet the State's newly discovered exception to the Rule 3.850 time limit. Exh. 37. After appealing the adverse ruling, the appellate court *per curiam* affirmed, and mandate issued on November 14, 2007. Cramer v. State, 967 So. 2d 913 (Fla. 2d DCA 2007); Exhs. 40, 41. Cramer sought certiorari review in the United State Supreme Court, which was denied on April 21, 2008. Cramer v. State, 128 S. Ct. 2059 (2008); Exhs. 43, 44.

Nonetheless, Cramer garners no additional tolling for the filing either his second or third Rule 3.850 motions, because both motions were dismissed by the State court as untimely and not falling within an exception. As such, neither of Cramer's Rule 3.850 motions is considered "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 412-13 (2005); Sykosky v. Crosby, 187 Fed. Appx. 953, 958 (11th Cir. 2006). Further, Cramer is not entitled to any tolling for the filing of his petition for certiorari to the U.S. Supreme Court. Lawrence v. Florida, 549 U.S. 327, 332-333 (2007)(affirming that petition for certiorari seeking review of denial of state postconviction motion does not toll § 2244(d)(2)). Consequently, unless Petitioner can demonstrate that he is entitled

to equitable tolling, the Amended Petition is time-barred and must be dismissed by the Court.[8]

**Equitable Tolling**

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). As to the first prong, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Second, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011). "The burden of proving circumstances that justify the application of the equitably tolling doctrine rests squarely on the petitioner." Id. at 1268 (citations omitted).

Here, Petitioner asserts that he is entitled to equitable tolling based on newly discovered evidence that he could not

---

[8]Indeed, Petitioner appears to concede that his Petition is untimely, but seeks equitable tolling premised on newly discovered evidence. See generally Reply (Doc. #61).

otherwise discover "for reasons that were beyond his control and unavoidable, even with the showing of due diligence." Amended Petition at 1. As his newly discovered evidence, Petitioner points to the victim's trial testimony, which Petitioner claims consisted of perjury, and the State prosecutor's misconduct in knowingly presenting the victim's perjured testimony. Id. at 6. In particular, Petitioner avers that C.M. testified in connection with another case in which Petitioner was charged with the sexual abuse of his other daughter, J.C.[9] (case number 96-798-CF) (hereinafter "96 case"). Petitioner relies upon the following evidence to support his claim of perjury and prosecutorial misconduct: (1) a statement made by C.M. in November 1996; (2) the video and non-video depositions of C.M. taken in Petitioner's '96 case on July 10, 1997; (3) C.M. trial testimony offered in Petitioner's '96 case on March 24, 1999; (4) C.M.'s deposition testimony taken in Petitioner's underlying case on November 23, 1999; (5) C.M.'s trial testimony offered in Petitioner's underlying case taken February 8, 2000; and (6) the State's closing argument made in Petitioner's underlying case on February 9, 2000.

To demonstrate that he used due diligence, Petitioner seeks to expand the record with some 11 documents. See generally Motion to Conduct Discovery (Doc. #59, Motion). Petitioner seeks to introduce correspondence he sent to the State courts, his appellate

---

[9]C.M. and J.C. have different biological mothers.

counsel, and his own affidavit to demonstrate when he requested copies of the 96 case transcript and the efforts he took in obtaining the transcripts.  See generally Motion.  Essentially, Petitioner argues that, until he had the trial transcripts from his 96 case to compare with the transcript from the underlying case, he was unable to discover C.M.'s alleged perjury.  Id.  Petitioner also requests that the Court order the victim, C.M., and himself to submit to a "two phase polygraph test" for purposes of proving his second ground for relief, that he is actually innocent of the charges, by proving "who is telling the truth and who is lying." Id. at 8.  Finally, Petitioner seeks an evidentiary hearing in order to establish his claim of due diligence.  Reply at 1.

The Rules Governing Section 2254 Cases provide, in relevant part, as follows:

> **Rule 7. Expanding the Record.**
> **(a) In General**. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials *relating to the petition.* The judge may require that these materials be authenticated.

Rule 7, Rules Governing Section 2254 (emphasis added).  Thus, if the District Court determines from the record that it cannot summarily rule on the Petition, then the Court may direct that the record be expanded.  Further, in order to supplement the record with new evidence, Petitioner is required to comply with the statutory requirements applicable to requests for an evidentiary

hearing under 28 U.S.C. § 2254(e)(2)(A). Ward v. Hall, 592 F.3d 1144, 1162-63 (11th Cir. 2010). Thus, Petitioner must demonstrate either that his claim relies on a retroactive rule of constitutional law, or that the factual predicate of his claim could not have been previously discovered through the exercise of due diligence. Id. Additionally, § 2244 "does not require an evidentiary hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary hearing is a matter left to the sound discretion of the district court. An evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." San Martin v. McNeil, 633 F.3d 1257, 1271 (11th Cir. 2011)(internal quotations and citations omitted).

Petitioner's request to expand the record is moot because, as set forth below, the Amended Petition is barred by the federal statute of limitations, because the Court finds that Petitioner cannot demonstrate due diligence under § 2254(e)(2)(A). Further, the Court finds that an evidentiary hearing is not necessary in the instant matter. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts in support of Petitioner's reasons for equitable

tolling are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003).

The State court's finding that Cramer did not utilize due diligence in discovering the factual predicate upon which he relies is entitled to the presumption of correctness, and Petitioner fails to overcome this presumption. Significantly, Petitioner does not dispute, yet alone introduce any evidence to refute, the accuracy of the following historical facts pointed to by the postconviction court in its November 6, 2001 order, denying Petitioner's third Rule 3.850 motion:

• Cramer's rule 3.850 appendix submission of portions of the victim's July 10, 1997, video deposition in the 96 case indicated such was filed in the 96 case on December 19, 1997; (Exh. 37 at 2-3, n. 5 and n. 6)

• The victim's March 24, 1999, trial testimony in case no. CRC96-798CFANO case was filed February 8, 2000, in case no. 99-282CFANO [before conclusion of Petitioner's jury trial in the underlying case]; (Exh. 37 at 3, n.7)

• The victim's November 23, 1999, deposition in the underlying case was filed January 28, 2000 in that case; (Exh. 37 at 3, n. 8)

• The victim's February 8, 2000, trial testimony in the underlying case was filed in that case on July 25, 2000; (Exh. 37 at 3, n. 9)

• The prosecutor's closing argument in the underlying case was filed on June 30, 2000. (Exh. 37 at 3, n. 10).

Moreover, Petitioner was obviously present during the C.M.'s testimony during the jury trial in his 96 case and the underlying case. Petitioner further concedes he was represented by the same counsel in his 96 case and his underlying case. Certainly

Petitioner can not dispute that his attorney did not have access to C.M's deposition testimony when he deposed C.M. in both cases.

Based upon the foregoing, the Court finds that Petitioner has not demonstrated due diligence and is not entitled to equitably tolling. Consequently, the Court finds the Amended Petition, even applying the filing date of the original Petition, is untimely.

Petitioner's alternative assertion that equitable tolling should apply because the newly discovered evidence demonstrates that Petitioner is actually innocent fares no better. "To successfully plead actual innocence, a petitioner must show that his conviction resulted from 'a constitutional violation.'" Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The actual innocence claim addressed in Schlup is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup, 513 U.S. at 315 (quotation marks omitted). See also Herrera v. Collins, 506 U.S. 390, 400 (1993)(holding "[c]laims of actual innocence based on newly discovered evidence have never held to state a ground for federal habeas relief absent an independent constitutional violations occurring in the underlying state criminal proceedings.").

A claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. The petitioner "must demonstrate that it is more likely than not than no reasonable juror would have found petitioner guilty beyond a reasonable doubt," and "must raise sufficient doubt about his guilt to undermine confidence in the result of the trial." Johnson v. Fla. Dep't of Corr., 513 F.3d at 1334. "Actual innocence" means "factual innocence, not mere legal sufficiency." Id. (quotation males and alteration omitted).

Petitioner's newly discovered evidence, at most, might have been used in an attempt to impeach C.M. Certainly, the evidence is not the type of "critical physical" evidence referred to in Schlup. Indeed, based upon a review of the record, including the trial transcript, the Court finds overwhelming evidence of Petitioner's guilt. Here, the jury heard the testimony of C.M., the Williams Rule[10] testimony of Petitioner's other minor daughter J.C., and the testimony of Petitioner's former wife, Terry. Indeed, Petitioner

---

[10]Williams v. State, 110 So. 2d 654 (Fla. 1959). Under the Williams rule, evidence of other crimes, wrongs and acts is admissible if it is relevant to and probative of a material issue even though the evidence may indicate the accused has committed other uncharged crimes or may otherwise reflect adversely upon the accused's character.

took the stand in his own defense and refuted C.M.'s testimony. The jury obviously found C.M.'s testimony credible and Petitioner's testimony not credible. Accordingly, Petitioner has not made a sufficient showing of actual innocence.

Based upon the foregoing, the Court finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1.  Petitioner's Motion for Discovery (Doc. #59), construed as a motion to expand the record, and request for an evidentiary hearing are **DENIED as moot**, or in the alternative, are **DENIED on the merits**.

2.  The Amended Petition (Doc. #46) is **DISMISSED with prejudice** as untimely.

3.  The **Clerk of the Court** shall enter judgment dismissing this case with prejudice and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas

has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, ___ U.S. ___, 129 Ct. 1481, 1485 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___25th___ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record